UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRISCILLA BRACKENRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17-CV-3381 |
| | ) | |
| v. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
| SCOOBEEZ, INC., | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, PRISCILLA BRACKENRIDGE ("Plaintiff"), by and through her attorneys and for her Complaint against the Defendant, SCOOBEEZ, INC. ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is a complaint for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Specifically, Plaintiff contents that she is an individual within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of her disability, and refused to hire her because of her disability, in violation of the ADA.

### PARTIES

3. Plaintiff is a citizen of the United States who at all relevant times resided in Aurora, Illinois.

4. Defendant hired Plaintiff during or about September 2016. Plaintiff would have been a delivery driver with Defendant but for Defendant's discriminatory actions.

5. On information and belief, Defendant is a corporation of the State of California, which is not licensed to do business in Illinois, and whose principal place of business is located in Pasadena, California.

6. Plaintiff is a "qualified individual" within the meaning of the ADA, 42 U.S.C. § 12111(8), as she is an individual who, with or without reasonable accommodation, could perform the essential functions of the employment that she desired.

7. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is a "person" engaged in an industry affective commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND FACTS

10. Plaintiff suffers from significant hearing loss. Therefore, Plaintiff is a member of a protected class.

11. During or about September 2016, Plaintiff applied to be a driver with Defendant.

12. In addition to having the requisite Class A commercial drivers license, Plaintiff satisfied all of Defendant's stated qualifications.

13. On information and belief, Defendant intended to hire Plaintiff as an employee, not as an independent contractor.

14. After completing an initial interview with the hiring manager, Defendant invited Plaintiff to its orientation program.

15. On or about September 10, 2016, Defendant contacted Plaintiff to confirm that she would be attending orientation for the new position on September 12, 2016.

16. In order to speak with Plaintiff, Defendant was routed through an assistive technology relay service that allowed Plaintiff to speak to others via telephone.

17. Defendant questioned Plaintiff over whether this assistive technology meant that Plaintiff was hearing-impaired.

18. When Plaintiff responded that she was hearing-impaired, Defendant cancelled the planned orientation for September 12, 2016.

19. Defendant rescinded its offer of employment to Plaintiff and told Plaintiff that she could not work for them due to her being hearing-impaired.

20. A representative of Defendant also told Plaintiff that Defendant did not have the patience to deal with a hearing-impaired driver.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 20 above as if reiterated herein.

22. Defendant intentionally discriminated against Plaintiff on the basis of her disability in one or more of the following ways:

    a. Failing to reasonably accommodate her disability; and/or

    b. Refusing to hire her because of her disability.

23. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

24. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff filed a Charge of Discrimination, number 440-2017-02355, with the Equal Employment Opportunity Commission ("EEOC") on March 1, 2017.

    b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on March 30, 2017.

Wherefore, Plaintiff PRISCILLA BRACKENRIDGE, respectfully prays this Honorable Court enter judgment against Defendant, SCOOBEEZ, INC., as follows:

    a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

    b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability.

    d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would

    have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and\

h. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

        RESPECTFULLY SUBMITTED,

        PRISCILLA BRACKENRIDGE

        By: /s/ David B. Levin
           Attorney for Plaintiff
           Illinois Attorney No. 6212141
           Law Offices of Todd M. Friedman, P.C.
           111 West Jackson Blvd., Suite 1700
           Chicago, IL 60604
           Phone: (312) 212-4355
           Fax: (866) 633-0228
           dlevin@toddflaw.com