**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PRISCILLA BRACKENRIDGE, | |
| Plaintiff, | |
| v. | No. 17-CV-03381 |
| SCOOBEEZ INC. | Hon. Thomas M. Durkin |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

COMES NOW Defendant Scoobeez Inc. (hereinafter "Defendant") by and through its undersigned attorneys and submits this Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Priscilla Brackenridge ("Plaintiff").

### PRELIMINARY STATEMENT

1.      This is a complaint for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

<u>Answer:</u>      Defendant admits that Plaintiff brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Defendant denies that it engaged in any unlawful conduct with respect to Plaintiff's employment, denies that she is entitled to any relief, and denies the remaining allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2.      Specifically, Plaintiff contents [sic] that she is an individual within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of her disability, and refused to hire her because of her disability, in violation of the ADA.

1

Answer:    Defendant denies the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

**PARTIES**

3.    Plaintiff is a citizen of the United States who at all relevant times resided in Aurora, Illinois.

Answer:    Defendant lacks sufficient information or knowledge as to the truth of the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint and therefore denies same.

4.    Defendant hired Plaintiff during or about September 2016. Plaintiff would have been a delivery driver with Defendant but for Defendant's discriminatory actions.

Answer:    Defendant denies the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.    On information and belief, Defendant is a corporation of the State of California, which is not licensed to do business in Illinois, and whose principal place of business is located in Pasadena, California.

Answer:    Defendant admits that it is a California corporation with a principal place of business in Pasadena, California. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6.    Plaintiff is a "qualified individual" within the meaning of the ADA, 42 U.S.C. § 12111(8), as she is an individual who, with or without reasonable accommodation, could perform the essential functions of the employment that she desired.

Answer:        Defendant lacks sufficient information or knowledge as to the truth of the

allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint and therefore denies

same.

7.        Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is

a "person" engaged in an industry affective commerce who has 15 or more employees for each working day

in each of 20 or more calendar weeks in the current or preceding calendar year.

Answer:        Defendant admits the allegations contained in Paragraph 7 of Plaintiff's

First Amended Complaint.

## JURISDICTION AND VENUE

8.        Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §

12188.

Answer:        Defendant admits that Plaintiff bases the jurisdiction of this Court with

respect to her claims upon 28 U.S.C. § 1331 and 42 U.S.C. § 12188 but denies that any acts or

omissions giving rise to a cause of action have occurred.

9.        Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of

the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

Answer:        Defendant admits only that it engages in business in Illinois and that venue

is proper. Defendant denies that any acts or omissions giving rise to a cause of action have

occurred.

## BACKGROUND FACTS

10.        Plaintiff suffers from significant hearing loss. Therefore, Plaintiff is a member of a

protected class.

Answer: Defendant lacks sufficient information or knowledge as to the truth of the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and therefore denies same.

11. During or about September 2016, Plaintiff applied to be a driver with Defendant.

Answer: Defendant denies the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

12. In addition to having the requisite Class A commercial drivers license, Plaintiff satisfied all of Defendant's stated qualifications.

Answer: Defendant lacks sufficient information or knowledge as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies same.

13. On information and belief, Defendant intended to hire Plaintiff as an employee, not as an independent contractor.

Answer: Defendant denies the allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

14. After completing an initial interview with the hiring manager, Defendant invited Plaintiff to its orientation program.

Answer: Defendant denies the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

15. On or about September 10, 2016, Defendant contacted Plaintiff to confirm that she would be attending orientation for the new position on September 12, 2016.

Answer: Defendant denies the allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

16.     In order to speak with Plaintiff, Defendant was routed through an assistive technology relay service that allowed Plaintiff to speak to others via telephone.

Answer:     Defendant denies the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

17.     Defendant questioned Plaintiff over whether this assistive technology meant that Plaintiff was hearing-impaired.

Answer:     Defendant denies the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18.     When Plaintiff responded that she was hearing-impaired, Defendant cancelled the planned orientation for September 12, 2016.

Answer:     Defendant denies the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

19.     Defendant rescinded its offer of employment to Plaintiff and told Plaintiff that she could not work for them due to her being hearing-impaired.

Answer:     Defendant denies the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

20.     A representative of Defendant also told Plaintiff that Defendant did not have the patience to deal with a hearing-impaired driver.

Answer:     Defendant denies the allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21.     Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 20 above as if reiterated herein.

Answer:       Defendant incorporates its responses to the preceding paragraphs as if set forth in full herein.

22.       Defendant intentionally discriminated against Plaintiff on the basis of her disability in one or more of the following ways:

a.       Failing to reasonably accommodate her disability; and/or

b.       Refusing to hire her because of her disability.

Answer:       Defendant states that Paragraph 22 of Plaintiff's First Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint. Defendant further denies that it engaged in any unlawful conduct with respect to Plaintiff's employment, denies that any acts or omissions giving rise to a cause of action pursuant to the ADA have occurred, and denies that Plaintiff is entitled to any relief whatsoever.

23.       Defendant's actions were in willful and wanton violation of Plaintiff's rights.

Answer:       Defendant states that Paragraph 23 of Plaintiff's First Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint. Defendant further denies that it engaged in any unlawful conduct with respect to Plaintiff's employment, denies that any acts or omissions giving rise to a cause of action pursuant to the ADA have occurred, and denies that Plaintiff is entitled to any relief whatsoever.

24.       All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

      a.      Plaintiff filed a Charge of Discrimination, number 440-2017-02355, with the Equal Employment Opportunity Commission ("EEOC") on March 1, 2017.

      b.      The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on March 30, 2017.

<u>Answer:</u>      Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and that she was subsequently issued a Notice of Right to Sue by the Commission. Defendant denies that it engaged in any unlawful conduct with respect to Plaintiff's employment and denies that any acts or omissions giving rise to a cause of action have occurred.

Wherefore, Plaintiff PRISCILLA BRACKENRIDGE, respectfully prays this Honorable Court enter judgment against Defendant, SCOOBEEZ, INC. as follows:

      a.      Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

      b.      Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

      c.      Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in

violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability.

d.    Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which she wouldhave received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e.    Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g.    Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h.    Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

<u>Answer:</u>    Answering Plaintiffs' unnumbered "WHEREFORE" paragraph, Defendant denies that any acts or omissions giving rise to a cause of action have occurred, or that Plaintiff is entitled to any of the relief specified therein, or to any other relief.

8

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies and/or the allegations contained in Plaintiff's First Amended Complaint exceed the scope of the allegations contained in her administrative Charge and, therefore, Plaintiff is precluded from asserting any such claims in this action.

### SECOND DEFENSE

Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims and/or damages are barred to the extent she failed to mitigate her alleged damages.

### THIRD DEFENSE

Without prejudice to Defendant's denials and other statements of its pleadings, Defendant is not liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative or concurrent cause, which may not be the result of any act or omission of Defendant.

**WHEREFORE,** Defendant, having fully answered Plaintiff's First Amended Complaint, prays that the Court enter judgment in its favor, for its costs, for reasonable attorneys' fees, and for such other relief as the Court deems proper.

Respectfully submitted,

**SCOOBEEZ INC.**

By:     /s/ Craig R. Annunziata
        Attorney for Defendant

Craig R. Annunziata - IL Bar No. 6209487
John A. Singer – IL Bar No. 6317383
**FISHER & PHILLIPS LLP**

10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
(312) 346-3179 (fax)
cannunziata@fisherphillips.com
jsinger@fisherphillips.com


Dated:          July 31, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and accurate copies of the foregoing Defendant's **ANSWER AND**

**AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** was filed and served this

31st day of July 2017, via the Court's CM/ECF system upon the following:

      David B. Levin
      Attorney for Priscilla Brackenridge
      Law Offices of Todd M. Friedman, P.C.
      111 W. Jackson Blvd., Suite 1700
      Chicago, IL 60604
      dlevin@toddflaw.com

                             /s/ Craig R. Annunziata